## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

HERNANDEZ TAX INC.,

      Petitioner,

v.                                  13-MC-20 MV

UNITED STATES OF AMERICA,

      Respondent.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Customer's Motion to Challenge Government's Access to Financial Records [Doc. 1] and United States' Cross-Motion to Dismiss Motion to Quash or Alternatively, to Deny the Relief Sought and To Order the Summons Enforced [Doc. 3].   The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that Petitioner's Motion will be denied and Respondent's Motion will be granted.

### BACKGROUND

Hernandez Tax, Inc., a New Mexico corporation owned by its president, Mary Hernandez, provides check cashing services in Clovis, New Mexico.   Hernandez Tax's only known bank account is with American Heritage Bank.   The United States Internal Revenue Service ("IRS"), through Revenue Agent Gina Abeyta, is investigating Hernandez Tax, Inc.'s compliance with the Bank Secrecy Act ("BSA"), also known as the Currency and Foreign Transaction Act ("CFTA"). In the course of that investigation, Agent Abeyta asked Hernandez Tax, through Ms. Hernandez and Julia Gonzales, Power of Attorney for Hernandez Tax, for copies of bank statements for the six-month examination period from January 1, 2012 through June 30, 2012, and checks cashed

during the month of February 2012.

In response to Agent Abeyta's request, Hernandez Tax provided some but not all of the requested information.   Based on the records she did receive, Agent Abeyta discovered that Hernandez Tax's deposits exceeded withdrawals for the month of February 2012 by approximately $422,000, which raised two concerns:   (1) that Hernandez Tax may be securing currency from sources other than its bank to cash checks, which might lead to a Currency Transaction Report ("CTR") filing requirement; and (2) that Hernandez Tax's Anti-Money Laundering Program ("AML") may be inadequate.

In response to Agent Abeyta's request for the remainder of the information requested, Ms. Hernandez advised that providing the entirety of the information requested would work "an undue hardship," and that Agent Abeyta should instead issue a summons for the information.   On February 21, 2013, Agent Abeyta issued a summons (the "Summons") to American Heritage Bank for the missing bank statements, in addition to all checks in amounts greater than $1,000 that were deposited during the six-month examination period.   According to Agent Abeyta, the Summons seeks information relevant to the determination of whether all required CTRs are filed, which includes both "cash in" and "cash out" transactions, and whether Hernandez Tax is properly implementing its AML program.

On March 7, 2013, Hernandez Tax, Mary Hernandez, filed the instant motion to quash the Summons pursuant to the Right to Financial Privacy Act ("RFPA").   The motion attaches a sworn statement by Mary Hernandez, as follows:

I, Hernandez Tax, Inc., Mary Hernandez, am presently a customer of American Heritage Bank and I am the customer whose records are being requested by the Government.   The financial records sought by Internal Revenue Service should not be disclosed because there has not been substantial compliance with the Right to Financial Privacy Act of 1978 in that [see attachment].

2

Doc. 1.   The attachment referred to in the sworn statement, signed by Ms. Hernandez and Ms.

Gonzales, states in relevant part:

> The basic problem seems to be that Revenue Agent Abeyta does not understand the
> operation of Hernandez Tax. Inc. . . . We complied with all her requests until
> January 2013 when she decided to expand the compliance review.   My belief is
> that if I provide the entire year of documents, she would still be where she is now.

*Id.*

On April 26, 2013, the government filed an opposition to the motion to quash, and

cross-moved for an order enforcing the Summons.   Doc. 3.   Hernandez Tax filed a reply on May

13, 2013.   Doc. 4.

## DISCUSSION

Under the RFPA, a customer may file a motion to quash an administrative summons that

has been served upon a financial institution to obtain records regarding that customer.   The

motion to quash must contain an affidavit or sworn statement: (1) stating that the applicant is a

customer of the financial institution from which the financial records pertaining to him or her have

been sought; and (2) stating that the applicant's reasons for believing that the financial records

sought are not relevant to the legitimate law enforcement inquiry stated by the Government

authority in its notice, or that there has not been substantial compliance with the provisions of the

RFPA.   12 U.S.C. § 3410(a).   If the court finds that the movant is not the customer to whom the

financial records sought by the Government authority pertain, or that there is a demonstrable

reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the

records sought are relevant to that inquiry, it shall deny the motion and order that the

administrative summons be enforced.   12 U.S.C. § 3410(c).   For purposes of the RFPA, a

"customer" means "any person or authorized representative of that person who utilized or is

utilizing any service of a financial institution, or for whom a financial institution is acting or has

acted as a fiduciary, in relation to the account maintained in the person's name." 12 U.S.C. §

3401(5). In turn, "person" is defined as "an individual or a partnership of five or fewer

individuals." 12 U.S.C. § 3401(4).

Here, the Internal Revenue Service issued the Summons to American Heritage Bank for

records for the account of Hernandez Tax. Petitioner, identified as "Hernandez Tax Inc. Mary

Hernandez," moved to quash the Summons on the basis that even if Petitioner "provided the entire

year of documents," Agent Abeyta, who "does not understand the operation of Hernandez Tax Inc.

. . . would still be where she is now." Doc. 1 at 3. Petitioner's motion fails for the following

reasons.

First, neither Hernandez Tax nor Mary Hernandez is a "customer" within the meaning of

the RFPA. As noted above, "customers" are limited to "persons," and "persons" are limited to

individuals or partnerships of five or fewer individuals. Hernandez Tax, the entity that utilizes

the services of American Heritage Bank, is a corporation, rather than a partnership, and thus

neither it nor Ms. Hernandez, as its authorized representative, is a "customer" under the RFPA.

*See Pittsburg Nat'l Bank v. United States*, 771 F.2d 73, 75 (3d Cir. 1985); *Spa Flying Serv., Inc. v.

United States*, 724 F.2d 95, 96 (8th Cir. 1984); *FDIC v. Kansas Banker Sur. Co.*, 732 F. Supp. 103

(N.D. Okla. 1990).

Second, Petitioner's sworn statement in support of its motion fails to set forth any reasons

for believing that the financial records sought by the Summons are not relevant to the legitimate

law enforcement inquiry stated by the IRS, or that there has not been substantial compliance with

the provisions of the RFPA. Rather, Petitioner makes the unsupported statement that, regardless

of how much information is provided to the IRS, Agent Abeyta will not understand how

Hernandez Tax works.   This statement misses the mark, as it fails to address the relevancy of the

requested records to the legitimate law enforcement inquiry stated by the IRS, namely, the

investigation into whether Hernandez Tax has filed appropriate CTRs and properly implemented a

plan to prevent money laundering.   Because Petitioner has set forth no factual basis to

demonstrate either that the bank records the IRS seeks are irrelevant to this investigation, or that

the IRS has failed to substantially comply with the RFPA, Petitioner has failed to "present[] a

prima facie case of impropriety."   *Matter of SEC Private Investigation/Application of John Doe

re Certain Subpoenas, No. M8-85*, 1990 WL 119321, \*2 (S.D.N.Y. Aug. 10, 1990).

Finally, the government has shown a reasonable belief that the records sought are relevant

to a determination of whether Hernandez Tax is in compliance with the BSA.   *Id.*   Specifically,

Agent Abeyta's declaration makes clear that the Summons seeks information relevant to the

determination of whether all required CTRs are filed, which includes both "cash in" and "cash out"

transactions, and whether Hernandez Tax is properly implementing its AML program.   The

documents sought by the Summons thus are reasonably related to a legitimate IRS investigation.

## CONCLUSION

The Court finds that Petitioner is not a customer within the meaning of the RFPA, and thus

has no standing to challenge the Summons.   Further, the Court finds that there is a demonstrable

reason to believe that the IRS inquiry into Hernandez Tax is legitimate and a reasonable belief that

the records sought are relevant to that inquiry.   Accordingly, the Court will deny Petitioner's

motion and order that the Summons be enforced.

**IT IS THEREFORE ORDERED** that Customer's Motion to Challenge Government's

Access to Financial Records [Doc. 1] is denied and United States' Cross-Motion to Dismiss

Motion to Quash or Alternatively, to Deny the Relief Sought and To Order the Summons Enforced

[Doc. 3] is granted.


Dated: June 25, 2014


_____
MARTHA VAZQUEZ
United States District Judge